HUNTER v. PEARL ASSURANCE CO., LTD.

1. INSURANCE—CONSTRUCTION OF POLICY.
    While an insurance policy must be construed most strongly against the insurer, a court by an interlineation may not write a new clause into a policy and will construe the contract so as to give effect to every word or phrase as far as practicable.

2. SAME—CARGO THEFT—AMENDMENT OF POLICY—CONSTRUCTION.
    Under a cargo insurance policy covering theft of entire shipping packages only, but not pilferage, and excepting from coverage, theft by employees of insured or owner of cargo, mysterious disappearance and nondelivery, amendment by deletion of "mysterious disappearance" and substitution of clause so as thereafter to cover nondelivery but not including pilferage or loss or damage by delay, was designed to emphasize that pilferage was not covered in any event rather than that entire theft clause was eliminated from the policy; hence theft by insured's employee was still not covered.

3. SAME—THEFT—LARCENY BY CONVERSION.
    Under policy of insurance against theft of cargo the word "theft" includes larceny by conversion.

4. SAME—CARGO THEFT—CONFESSION OF EMPLOYEE TO LARCENY BY CONVERSION.
    Trucker, insured against theft of cargo under policy excepting theft by his employees or those of cargo owner, was not entitled to recover for loss under such policy where evidence showed new driver failed to check in at night, truck was found empty next morning, driver was arrested and pleaded guilty to larceny by conversion.

Appeal from Wayne; Scallen (John P.), J., presiding. Submitted January 9, 1940. (Docket No. 135, Calendar No. 40,967.) Decided March 15, 1940.

Assumpsit by George T. Hunter, doing business as Michigan Cartage & Storage Company, as assignee

of Michigan Cartage & Storage Company, a Michigan corporation, against Pearl Assurance Company, Ltd., on an insurance policy. Judgment for defendant. Plaintiff appeals. Affirmed.

*Leo J. Carrigan*, for plaintiff.

*Frederick J. Ward*, for defendant.

BUSHNELL, C. J. On May 1, 1936, plaintiff's assignor was insured by defendant against loss of cargoes transported in the assignor's motor trucks. The theft clause of the policy read in part:

"In consideration of the rate at which this policy is written and subject to all conditions of this policy, the perils insured against hereunder are extended to include: THEFT but not pilferage, it being understood that, as to goods and merchandise in shipping packages, coverage under this indorsement shall extend to entire shipping packages only. It is further understood and agreed that this policy shall not cover

"(a) Theft by any person or persons in the employment of the assured or owner of cargo.

"(b) Mysterious disappearance.

"(c) Nondelivery."

On October 12, 1936, the coverage of the policy was changed by an indorsement reading as follows:

"Effective as to all shipments moving on and after October 12, 1936, it is hereby understood and agreed the words '(b) Mysterious Disappearance' are hereby deleted and the following clause is effective—

"This policy covers nondelivery, meaning thereby the physical loss of any entire shipping package or packages but under no circumstances shall the risk of nondelivery provided for herein be construed to cover pilferage or any loss or damage by delay.'

"Other terms and conditions remaining unchanged."

On November 9, 1936, a newly-employed driver left the assignor's freight depot with a truck loaded with merchandise and failed to return that night. The matter was reported to the police and the empty truck was found the next morning.· The driver was subsequently arrested, charged with larceny by conversion, pleaded guilty, and was sentenced in the recorder's court of the city of Detroit.

The merchandise lost by plaintiff's assignor was valued at $3,756.20. Defendant declined to pay the loss and recovery was sought on two grounds: first, that the loss was covered by the theft clause; and second, that it was covered by the nondelivery clause.

The trial court, sitting without a jury, held that the loss fell within the exception noted in paragraph (a) of the theft clause of the policy. A judgment of no cause of action was entered.

Plaintiff contends that the indorsement of October 12th, which provided expressly for deletion of section (b) of the theft clause, by implication eliminated the entire clause including paragraph (a). It is argued that the nondelivery coverage added by the indorsement is broad enough to include theft and, since the pilferage exception found in the theft clause is repeated in the indorsement, it must follow that the nondelivery coverage indorsement displaces the theft clause and entitles plaintiff to recover.

The test to be applied may be found in *Mondou* v. *Lincoln Mutual Casualty Co.,* 283 Mich. 353, where the court recognized that the policy must be construed most strongly against the insurer, but said: "A court by an interlineation may not write a new clause into a policy. * * * A contract will be construed so as to give effect to every word or phrase as far as practicable." The indorsement of Octo-

ber 12th included the words "Other terms and conditions remaining unchanged," and provided only for the deletion of the language of section (b) of the theft clause, "Mysterious disappearance." The fact that the pilferage exception is included in the nondelivery coverage indorsement can be attributed to a desire on the part of the insurer to make it plain that pilferage is not covered in any event, rather than meaning that the entire theft clause is eliminated from the policy.

Appellant contends that the only proof that the theft was by a person or persons in the employment of the assured or owner of the cargo was the plea of guilty on the part of the assured's driver to larceny by conversion, and the proof of loss, which reads:

"Joseph Carrier, a new driver, left the Wabash Depot about 1:30 p. m. with a load of merchandise representing 12 consignments consisting of 19 cartons for delivery to two stores. When the driver failed to check in that night, the Detroit police department was immediately notified. The empty truck was found the next morning near the corner of Trumbull and Abbott. Contents apparently taken by third parties."

In the trial court, plaintiff did not raise the question whether or not "theft," as used in the policy, includes larceny by conversion. Given its reasonable meaning, the word "theft" does include larceny by conversion. See *People* v. *Matteson,* 280 Mich. 218.

The trial court correctly held that plaintiff was barred from recovery by subparagraph (a) of the theft clause, which excludes theft by an employee.

The judgment of no cause of action is affirmed, with costs to appellee.

Sharpe, Potter, Chandler, North, McAllister, Wiest, and Butzel, JJ., concurred.