## 28915. CROSBY v. BLOOMFIELD DEVELOPERS, INC. et al.

GUNTER, Justice.

This appeal is from a summary judgment in favor of plaintiffs-appellees. Suffice it to say that the judgment of the trial court resulted from a complicated factual situation including claims, counterclaims, injunctions, receivers, and consolidation of separate lawsuits. However, the related issues are still pending in the trial court for determination, and the sole issue for determination here is whether a contract is or is not enforceable.

The trial judge ruled the contract in question to be unenforceable and void; he granted summary judgment "as to the contract" in favor of the appellees; and he further ruled: "The remaining question presented by the pleadings, that is, whether or not Mr. Crosby is entitled to recover on the basis of quantum meruit for services performed as Administrator for the plaintiff, and if so, the amount of compensation to which he is entitled, is a question of fact to be determined by a jury, and will be disposed of in due course."

Although the appellant has enumerated three errors, they all boil down to his contention that the trial court erred in holding the contract unenforceable and void.

The contracting parties were appellees, sole owners of the common stock of the corporation, and appellant. The contract provided: That the appellees would convey fifty percent of the common stock of the corporation to the appellant; that the corporation would execute a promissory note in favor of appellees in the principal amount of $80 thousand payable over a period of eighty months and bearing interest at eight percent; that the corporation would be managed by a board of directors consisting of five persons, two of them being the two appellees, one of them being the appellant, one director to be designated by the appellant, and one director to be

designated by one of the two appellees; that the appellant was to provide services in the capacity of administrator and general manager of the ninety bed nursing home operated by the corporation; that the appellant's salary from the corporation was to be equal to but not to exceed the combined salaries of the two appellees; and that the parties were to execute stock certificates and "other items of mechanics that are necessary to accomplish the purpose of this contract."

The appellees' motion for summary judgment contended "that the paper executed by Lamar Kitchens, Margaret Kitchens and Abe Crosby, Jr. dated May 23, 1973, shows on its face that the same is not a valid, enforceable contract but is, in truth and fact, a mere nullity." The trial judge granted the motion for summary judgment and held the contract to be void and unenforceable. No reasons are given in the judgment for this ruling.

We hold that the written contract in this case is not void and unenforceable as a matter of law, and the judgment must be reversed.

This was a contract for the sale of shares of common stock in a corporation; the contracting parties owned all of the outstanding shares before and after the execution of the contract; the contracting parties signed the contract; there was consideration flowing from the appellant to the appellees; there was no lack of mutuality; and the contract as written was not ambiguous.

The construction of a contract is a question of law for the court. See Code § 20-701 and 6 Encyc. of Ga. L. § 51.

The appellees argue that the contract is void on its face for lack of consideration in that the services appellant was to perform were indefinite, and that the corporation, which was to pay appellees $80 thousand plus interest over an eighty month period, was not a party to the contract.

We would agree with this argument if the contract itself did not make the appellant the owner of fifty percent of the shares of the corporation, did not make him a director of the corporation, did not provide that he

would designate another director of the corporation, and did not provide that the corporation would pay appellees the sum of $80 thousand plus interest. Code § 20-702 provides: "The cardinal rule of construction is to ascertain the intention of the parties. If that intention be clear, and it contravenes no rule of law, and sufficient words be used to arrive at the intention, it shall be enforced, irrespective of all technical or arbitrary rules of construction."

As we read this contract, it is not void and unenforceable on its face as a matter of law, and that is the only issue for decision on this appeal.

*Judgment reversed. All the Justices concur.*

SUBMITTED MAY 24, 1974 — DECIDED SEPTEMBER 3, 1974 — REHEARING DENIED SEPTEMBER 17, 1974.

*Harry F. Thompson,* for appellant.
*O. L. Crumbley,* for appellees.