## 55809. DEKALB COUNTY v. GIBSON.

BELL, Chief Judge.

Plaintiff brought this suit to recover damages for wrongful death arising from the drowning of her son which occurred while he was swimming at a park facility owned and operated by defendant, DeKalb County. Plaintiff alleged nuisance and negligence in the maintenance of the pool, and later amended her complaint to include an action as third-party beneficiary to a contract allegedly created when her son paid an admission fee for use of the pool. Defendant answered, denying the material allegations and raising the defenses of failure to state a claim for relief and sovereign immunity as to all plaintiff's claims. Defendant's motion for summary judgment was denied. However, the court granted plaintiff's motion for partial summary judgment as to the issue of liability, and defendant appeals. *Held:*

1. Under our Constitution and statutory provisions, a county is immune from suit unless there is an express legislative waiver of this immunity. Code §§ 2-3401, 23-1502. Plaintiff on appeal admits that no statute expressly authorizes this suit but nevertheless contends that she may sue defendant either for breach of contract or on the basis of maintenance of a nuisance. In support of these contentions plaintiff relies on the decisions in *Hancock County v. Williams,* 230 Ga. 723 (198 SE2d 659) and *Town of Ft. Oglethorpe v. Phillips,* 224 Ga. 834 (165 SE2d 141). Neither case will permit this claim on a breach of contract basis. In *Hancock* the county had entered into

an *indemnity contract under statutory authority* with Georgia Power Company and this contract authorized the suit against the county. See *Williams v. Ga. Power Co.,* 233 Ga. 517 (212 SE2d 348). In the *Phillips* case a suit against a *municipality* was allowed based on the maintenance of a nuisance. However, in *Williams v. Ga. Power Co.,* supra, the Supreme Court expressly declined to apply the *Phillips* holding to a county government. In the absence of statutory authority to maintain this suit, the doctrine of sovereign immunity completely bars this claim. The trial court erred in granting a partial summary judgment to plaintiff. We reverse.

2. Defendant enumerates as error the denial of its motion for summary judgment. The grant of a partial summary judgment to plaintiff will prevent us from squarely deciding this issue under the Supreme Court decision in *Stallings v. Chance,* 239 Ga. 567 (238 SE2d 327). However, common sense demands that our reversal should have the effect of a final disposition of this claim in favor of the defendant county.

*Judgment reversed. Shulman and Birdsong, JJ., concur.*

ARGUED MAY 15, 1978 — DECIDED JUNE 15, 1978 — REHEARING DENIED JULY 5, 1978 —

*George P. Dillard, Gail C. Flake,* for appellant.
*Finestone & Cardon, Wayne L. Cardon,* for appellee.