## 56668. GLOBE LIFE & ACCIDENT INSURANCE COMPANY v. MAPP.

BELL, Chief Judge.

This is a suit to recover renewal commissions on insurance policies plaintiff had written during his eleven years of employment with defendant. The trial court granted plaintiff's motion for summary judgment as to liability and his motion to strike the defenses of defendant. Defendant's motion for summary judgment was denied. These facts have been admitted. The parties entered into a contract of employment. The pertinent contract portions provide that, "10. The deferred and renewal commissions set forth in this contract shall be payable on the 20th of each succeeding month provided that the Agent is representing the Company on that date, and *it is expressly agreed by the Agent and by the Company that such deferred and renewal commissions are non-vested and entitlement thereto by the Agent automatically terminates with the termination of this contract,* except as provided in Paragraphs 11 and 12." (Emphasis supplied.) Paragraphs eleven and twelve refer to the retirement, death or disability of the agent. The contract further provided that, "15. This contract may be cancelled by either party hereto upon written notice to the last known address of the other party. . ." Plaintiff was terminated by written notice. *Held:*

1. The contract in this case expressly provided that renewal commissions are non-vested and entitlement thereto automatically terminates on the termination of the contract. It is undisputed that defendant properly canceled the contract within the terms of the agreement. There was no ambiguity in this contract and its terms are plain and clear. Therefore, as a matter of law, plaintiff was not entitled to the renewal commissions after the contract was canceled. Plaintiff relies on the case of *Mutual Benefit &c. Assn. v. LeMaster,* 89 Ga. App. 870 (81 SE2d 484). The contract under consideration in *LeMaster*

had different terms and it was particularly distinguishable from the one here by the fact that there was no express provision covering the question of payment of renewal commissions. We have also considered the contentions that the contract in this case was unenforceable by reason of lack of mutuality. It was enforceable even if it did lack mutuality, as the performance by both parties for eleven years supplied any lack of mutuality and rendered the contract enforceable. *Venable v. Block,* 138 Ga. App. 215 (225 SE2d 755). The argument that this contract was void as being contrary to public policy, is equally without merit. The grant of partial summary judgment to plaintiff and the striking of the defenses of defendant were erroneous and we reverse that part of the judgment.

2. The denial of defendant's motion for summary judgment has been enumerated as error. The grant of a partial summary judgment to plaintiff prevents us from deciding this issue under the decision in *Stallings v. Chance,* 239 Ga. 567 (238 SE2d 327). However, as we stated in *DeKalb County v. Gibson,* 146 Ga. App. 573 (246 SE2d 692), "Common sense demands that our reversal should have the effect of a final disposition of this claim in favor of defendant. . ."

*Judgment reversed. Shulman and Birdsong, JJ., concur.*

Argued October 10, 1978 — Decided December 1, 1978 — Rehearing denied December 20, 1978.

*Burnside & Wall, Thomas R. Burnside, Jr., James B. Wall,* for appellant.

*Hull, Towill, Norman, Barrett & Johnson, David E. Hudson,* for appellee.