## 56629. GEORGIA CARPET EXPRESS, INC. v. TRAVELERS INDEMNITY COMPANY.

BANKE, Judge.

The appellant, Georgia Carpet Express, Inc., brought this action against the Travelers Indemnity

Company to collect for property loss which was allegedly covered by a Travelers policy. The loss resulted from the embezzlement of certain cargo by Charles Hamlin, a truck driver to whom the appellant had entrusted the goods.

The policy as originally written covered only losses resulting from the destruction of cargo by such causes as collision, fire, and natural disaster. It expressly excluded liability for losses resulting from "dishonesty or infidelity, wrongful conversion, misappropriation, embezzlement or secretion of the property . . . by any one in the immediate employment or service of the insured or by persons to whom the described property may be entrusted." A theft endorsement was later added to the policy to provide coverage for losses resulting from theft. This endorsement, like the main policy, excluded loss from theft "by any person or Persons in the insured's employ or service . . .," but it did not make reference to other "persons to whom the property may be entrusted." However, the endorsement did state that it was "subject to (the Policy's) terms, conditions and limitations not in conflict herewith" and that "all other terms, conditions and limitations remain unchanged." Based on this language, the trial court granted summary judgment to the insurance company.

It is the appellant's contention that Charles Hamlin was an independent contractor rather than an employee and that for this reason he did not come within the express language of the exclusion contained in the theft endorsement. The appellant further contends that the language in the original policy excluding loss from theft by "persons to whom the described property may be entrusted" was superseded by the language of the endorsement so as to be eliminated by implication. *Held:*

"Where the language fixing the extent of the liability of the insurer is unambiguous and but one reasonable construction is possible, the court must expound the contract as made." *Rossville Fed. &c. Assn. v. Ins. Co. of N. A.,* 121 Ga. App. 435 (2b), 438 (174 SE2d 204) (1970), citing *Moore v. Allstate Ins. Co.,* 108 Ga. App. 60 (1) (131 SE2d 834) (1963). It was the manifest intention of the policy as originally written to exclude liability for

losses resulting from breach of trust. We find nothing in the theft endorsement which conflicts with this exclusion. Rather, the purpose of the theft endorsement appears clearly to have reference to theft by taking. "The intention of the parties is determined from a consideration of the entire contract; and, if possible, all of its provisions should be so interpreted as to harmonize with each other. [Cits.]" *McCann v. Glynn Lumber Co.,* 199 Ga. 669, 674 (34 SE2d 839) (1945). Accord, Hunter v. Pearl Assurance Co., 292 Mich. 543 (291 NW 58) (1940). We accordingly affirm the grant of summary judgment to the appellee insurance company.

*Judgment affirmed. Deen, P. J., and Smith, J., concur.*

Submitted October 3, 1978 — Decided January 5, 1979.

McCamy, Minor, Phillips & Tuggle, C. Lee Daniel, III, for appellant.

*H. Richard Marcus,* for appellee.