57683. ALLSTATE INSURANCE COMPANY v. RENSHAW et al.

SHULMAN, Judge.

Plaintiff-insured brought suit against defendant-insurer for nonpayment of losses resulting from the theft of plaintiff's "Tillie, the All-Time Teller Card." Plaintiff contended that such losses, arising from the theft of her bank card, were covered under her home-owners policy with defendant-Allstate. The trial court granted plaintiff's motion for partial summary judgment (reserving determination of plaintiff's claims for

attorney fees and penalties) on the grounds that the theft of plaintiff's bank card, which resulted in an aggregate monetary loss to the plaintiff of $9,900, was covered in full under Coverage "C", the policy's general theft provision for unscheduled personal property.

1. Defendant contends on appeal that plaintiff's claim of loss, if covered under her homeowners policy, does not fall within Coverage "C". Rather, defendant asserts, if plaintiff's loss is one the policy was intended to insure against, it could only be covered under that provision of plaintiff's policy which protects plaintiff against losses resulting from forgery. Therefore, as provision 6 (a) of the policy's supplementary coverage provides for a maximum payment of $1,000 for all losses by forgery or alteration "committed by any one person or in which such person is concerned regardless of the number of instruments involved," appellant contends the court improperly held Allstate liable, as a matter of law, for the full amount of plaintiff's loss ($9,900) from the misuse of her bank card. We agree with appellant's contentions and, accordingly, reverse the judgment of the court below.

Code Ann. § 26-1701 defines forgery in the first degree as follows: "A person commits forgery in the first degree when, with intent to defraud, he knowingly makes, alters or possesses any writing in a fictitious name or *in such manner that the writing as made or altered purports to have been made by another person,* or at another time, or with different provisions, or by authority of one who did not give such authority and utters and delivers such writing." (Emphasis supplied.) In regard to the use of Criminal Code definitions to define the terms of an insurance policy, see *South Carolina Ins. Co. v. Jackson,* 103 Ga. App. 3 (117 SE2d 878).

"For purposes of sections 26-1701 and 26-1702 [which defines forgery in the second degree], the word 'writing' includes, but is not limited to printing *or any other method of recording information,* money, coins, tokens, stamps, seals, credit cards, badges, trademarks, and other symbols of value, right, privilege or iden-tification." Code Ann. § 26-1703. (Emphasis sup-plied.)

The "Tillie, the All-Time Teller Card" was issued

(unsolicited) to the plaintiff to allow her to withdraw funds from her bank accounts at any time. Insofar as withdrawals are concerned, these cards operate much like checks. Instead of requiring the signature of the drawer to authorize the withdrawal of funds, a recording of the personal identification number of the drawer-cardholder is necessary to validate the withdrawal of funds from the cardholder's account.

By recording plaintiff's personal identification number, the unauthorized user (in conjunction with his unlawful possession of plaintiff's bank card) unlawfully directed the bank to pay him a sum certain in money.

As the recording of plaintiff's personal identification number constitutes a writing within the meaning of § 26-1703, the act of the unauthorized user, which resulted in plaintiff's monetary loss, constitutes a forgery, as such "writing" was purported to have been made by or with the authority of plaintiff. We must conclude, therefore, that as plaintiff's loss was the result of forgery, defendant-Allstate's monetary liability under the terms of the homeowners policy is limited to $1,000. Thus, as the court granted plaintiff's motion for partial summary judgment on the grounds that plaintiff's loss was covered in full as a theft of unscheduled personal property under Coverage "C", we must reverse the judgment of the court below.

2. As the policy's $50, per occurrence, loss deductible provision does not apply under the terms of the policy to losses which the insured sustains through forgery, we need not determine whether each unauthorized use of plaintiff's bank card constituted a separate occurrence.

3. Contrary to appellant's contentions, plaintiff-Renshaw's agreement with the First National Bank of Atlanta constitutes a loan-receipt agreement, not an assignment of her cause of action. See *State Farm &c. Ins. Co. v. Barnard,* 115 Ga. App. 857, 859 (156 SE2d 148); *Green v. Johns,* 86 Ga. App. 646 (2) (72 SE2d 78). Thus, in spite of any payment received pursuant to her loan-receipt agreement with the First National Bank of Atlanta, plaintiff-insured is the real party in interest and may sue for the losses she sustained from the misuse of her bank card.

4. As we agree with appellant that its liability is limited to the maximum amount payable for losses sustained as a result of forgery, we reverse the grant of partial summary judgment sustaining appellee's contentions to the contrary. Even though defendant's motion for summary judgment addressed the same issues and subject matter as the motion which was granted, we are without jurisdictional power to review the denial of defendant's motion. *Globe Life &c. Co. v. Mapp,* 148 Ga. App. 565 (2) (252 SE2d 5); *Ins. Co. of N. A. v. Fowler,* 148 Ga. App. 509 (3) (251 SE2d 594); *DeKalb County v. Gibson,* 146 Ga. App. 573 (2) (246 SE2d 692).

*Judgment reversed. Deen, C. J., and McMurray, P. J., concur.*

ARGUED APRIL 11, 1979 — DECIDED SEPTEMBER 4, 1979.

*Rex Smith,* for appellant.

*Michael E. Ray, Jack O. Morse, Clinton McKeller, Jr.,* for appellees.