58526, 58527. WALTER E. HELLER & COMPANY v. COLOR-SET, INC. (two cases).

Shulman, Judge.

In suit on an alleged breach of contract, defendant appeals the denial of its motion for summary judgment and the grant of plaintiff's motion for partial summary judgment. Since there are issues still pending in the court below, we are without jurisdictional power to review the denial of defendant's motion for summary judgment, *Allstate Ins. Co. v. Renshaw,* 151 Ga. App. 80 (4). However, the grant of plaintiff's motion for partial summary judgment is directly appealable (see Code Ann. § 81A-156 (h)) and on that issue, we reverse.

The facts of the case are as follows: Plaintiff-appellee (hereinafter "Color-Set") and defendant-appellant (hereinafter "Heller") entered into a factoring agreement

under the terms of which Color-Set assigned all of its accounts receivable to Heller in return for Heller's promise to make advance payments to Color-Set of up to 90% of the net value of such accounts receivable. The agreement provided that Heller's assumptions of credit risk would "cover only those losses which are due to your [Color-Set's] customers' insolvency or financial inability to pay in respect of approved sales in respect of which the merchandise has been received and accepted by the particular customer, without return and without dispute or claim as to price, terms, quality . . . or any other kind of dispute or claim. If an unadjusted claim or dispute delays the payment of an account when due, our [Heller's] assumption of the credit risk thereon is cancelled and the amount thereof may be charged back to you [Color-Set] . . ."

In summary, when one of Color-Set's accounts (Wedgewood, Inc.) refused to pay for materials furnished by Color-Set (claiming that Color-Set had not provided the bargained-for materials), Heller endeavored to charge back the monies it had advanced Color-Set on Wedgewood's account. Color-Set's new factor indemnified Heller for the monies advanced, and then charged back Color-Set for the amount paid to Heller on Wedgewood's account. Subsequently, Color-Set filed the instant action alleging that Heller is indebted to Color-Set for Heller's charge back of the Wedgewood accounts, in that such charge back was wrongful and in breach of the parties' factoring agreement.

As discussed above, the only issue ripe for review at this time is the grant of plaintiff-appellee's motion for partial summary judgment.

Appellant submits as error the court's grant of such motion, which judgment sustained plaintiff's claim that "under the terms of the factoring agreement dated March 20, 1975 between the plaintiff and defendant, the defendant had no right to charge back accounts to the plaintiff unless a claim or dispute delayed the payment of the account when the same became due . . ."

Appellant argues that the grant of plaintiff's motion was error insofar as the court's judgment implies that defendant could charge back accounts only if on or before

the specified invoice due date a claim or dispute was in existence. To the extent the court's judgment is subject to such an interpretation, we must agree with appellant's contentions of error.

The contract, relevant portions of which are set forth above, does not give rise to the interpretation which appellant contends apparently formed the basis of the court's adverse ruling; that is, that Heller would only have been entitled to charge back those accounts the purchaser had refused to pay, if the claim or dispute delaying payment of that particular account arose prior to the payment date specified on the sales invoice. Clearly, when read as a whole, the plain wording of the contract belies such an interpretation.

The contract makes it clear that Heller's assumption of credit risk is limited to the insolvency or financial inability of Color-Set's purchasers. It was neither the purpose of the contract nor the intent of the parties that Heller would assume liability against "the contingency of any disputes or claims" (other than the insolvency or financial inability discussed above) which may occur with respect to Color-Set's accounts. Moreover, nowhere in the agreement does it provide that the scope of Heller's risk will be expanded to include *all* risk of collection simply because a customer does not pay on or before the precise date specified in the invoice.

Indeed, the contract indicates the contrary. Under the contract Heller was to make its advances to Color-Set within 15 days after the average due date for Color-Set's monthly sales. Thus, before making any advances, Heller would necessarily have all invoices for the month against which it was to make the advance. At that point, the invoices could be said to have "matured." However, at that time it was only required of Heller to advance 90% of the collections, the remaining 10% not to be advanced to Color-Set, but rather to be retained as a hedge against loss (to cover the contingency of unpaid debts due to disputes or claims against Color-Set). It follows logically, then, that if at the time the invoices matured (at the time the accounts became "due") defendant was liable for the total amount of such accounts (if a claim or dispute did not arise on or before the due date specified on the invoice), there

would be no purpose or point to Heller's maintaining a 10% hedge as provided for under the contract.

Since the determination that defendant could not charge back accounts, unless the claims and disputes between the purchaser and Color-Set delaying payment were in existence on or before the purchaser's invoice due date, would be inconsistent with the plain wording of the contract, which provides for a loss to shift to Heller *only* in the event of the purchaser's insolvency or financial inability to pay; and in view of the incongruity of such an interpretation in light of the 10% hedge provision discussed above, we must reverse the grant of plaintiff's motion for partial summary judgment. See, e.g., *Crosby v. Bloomfield Developers*, 232 Ga. 733 (208 SE2d 789); *Ga. Carpet Express v. Travelers Ind. Co.*, 148 Ga. App. 603, 605 (252 SE2d 17). Insofar, then, as the trial court's ruling implies that the due date for defendant's full liability (that point in time at which defendant could no longer charge back accounts to Color-Set) is the specified invoice due date, such ruling was erroneous.

*Judgment reversed. Deen, C. J., and Carley, J., concur.*

ARGUED SEPTEMBER 6, 1979 — DECIDED NOVEMBER 15, 1979.

*Richard W. Bethea, Jr., Thomas O. Helton,* for appellant.

*John Avrett, William Boyett,* for appellee.