FRANK D. UPCHURCH, Jr., Judge.
This is an appeal from a final summary judgment in an action to recover under an insurance policy issued by appellees.
Appellant Bestway Refrigerated Services, Inc., a nationwide truck broker, obtained loads to be hauled by various truckers. It did not own trucks, nor did it employ driv *1105 ers. Instead it hired third parties to transport its freight. One such company was Phil Hatfield Trucking.
In April, 1979, an individual identifying himself as Robert Walker telephoned the Bestway office using the company’s unlisted number reserved for this purpose. Walker stated that he worked for Hatfield and inquired if there were any shipments available. Bestway’s employee replied that they had a shipment of shrimp available and made arrangements for Walker to pick up the load. Walker picked up the load, but neither he nor the shrimp were ever heard from again.
Bestway sued to recover on an insurance policy issued by appellees. The court entered summary final judgment for appellees holding that the loss was excluded under the policy.
It is not uncommon to exclude employee related thefts[1] in insurance policies covering liability for loss by theft. More specifically, it is not uncommon for the underwriter of cargo insurance to exclude losses which are the result of theft, conversion, etc., perpetrated by employees or agents of the insured.[2] Such exclusions are generally given their plain meaning and upheld. See Sun Insurance Office Ltd. of London v. Be-Mac Transport Company, 132 F.2d 535, 536 (8th Cir.1942); Georgia Carpet Express, Inc. v. Travelers Indemnity Company, 148 Ga.App. 603, 252 S.E.2d 17 (1979); Hunter v. Pearl Assurance Company, 292 Mich. 543, 291 N.W. 58 (1949).
With regard to the instant facts, there are two important provisions in the insurance policy: the first sets out what losses are insured and the second sets out what losses are excluded. The first provision provided:
THIS POLICY INSURES The liability of the Assured, as truck broker, for loss or damage directly caused by:
* * * * * *
h. Theft of an entire shipping package, excluding pilferage.
Immediately below this list of covered losses, the policy set out exclusions from coverage:
THIS POLICY DOES NOT INSURE
Any liability of the Assured for loss or damage:
* * * * * *
K. caused by conversion, embezzlement, secretion, theft by the named assured, his driver or agent, (emphasis added)
In holding that the loss in the present case was covered by paragraph K, the court below impliedly found that Walker was an agent for Bestway. It is clear that Walker could not be considered Bestway’s driver.
As in the case of any other agreement, an agency agreement may be negated by fraud[3] and an appointment induced by fraud will not constitute a valid agency. 2A C.J.S. Agency § 39 (1972); Restatement (Second) of Agency § 15, Comment c (1958). Here, it is undisputed that Walker falsely represented his relationship with Hatfield, thereby negating an agency agreement, if any, with Bestway. As no valid agency relationship existed, the loss is not excluded under paragraph K of the policy. We therefore reverse the final summary judgment and remand for proceedings consistent with this opinion.
REVERSED and REMANDED.
SHARP, J., concurs.
COWART, J., dissents with opinion.

. See generally Annot., 12 A.L.R.2d 236 (1950).

. See generally Annot., 36 A.L.R.2d 506, § 14 at 529 (1954); J. Appleman, 5 Insurance Law and Practice § 3183 at 597 (1970).

.As to third persons, the acts of the purported agent may bind the principal. See Restatement (Second) of Agency § 15, Comment b (1958). This situation, however, is not present here.