## 66567. GULF OIL COMPANY v. MANTEGNA.

McMURRAY, Presiding Judge.

This is an action on a contract. Defendant answered, denying the claim, but admitting jurisdiction and setting forth an additional defense of accord and satisfaction. In addition, the defendant filed a counterclaim alleging a tortious breach of contract and malicious abuse of process seeking general and special damages and expenses of litigation, including attorney fees.

Defendant then filed his motion for summary judgment supported by his affidavit and other discovery. After a hearing the trial court granted defendant's motion for summary judgment as to the main action and stipulated the defendant's counterclaim to the jury trial calendar. This order was dated and filed on October 1, 1982.

Subsequently, plaintiff filed on November 10, 1982, its motion to set aside the judgment entered pursuant to the motion for summary judgment. Thereafter, this motion was heard and considered and denied "there being no nonamendable defect appearing on the face of the record [of the] case."

Plaintiff filed its notice of appeal (dated December 10, 1982) *on December 15, 1982,* appealing from the order and judgment (*filed on November 29, 1982*) denying the plaintiff's motion to set aside the summary judgment granted in the instant case in favor of the defendant, which order on summary judgment, dated and filed on October 1, 1982, dismissed the plaintiff's complaint.

While further orders in the case have no bearing on our review, we point out that a motion to dismiss the counterclaim was dated and filed on December 13, 1982, and thereafter in an order dated and filed January 6, 1983, the counterclaim was dismissed. *Held:*

1. We note here that under OCGA § 9-11-56 (formerly Code Ann. § 81A-156 (Ga. L. 1966, pp. 609, 660; 1967, pp. 226, 238; 1975, pp. 757, 759)) the granting of an order of summary judgment "shall be subject to review by appeal," albeit the case sub judice was not final at that particular point in time due to the pendency of the counterclaim. See *Walter E. Heller & Co. v. Color-Set, Inc.,* 152 Ga. App. 347 (262 SE2d 614); *Culwell v. Lomas & Nettleton Co.,* 242 Ga. 242, 243 (248 SE2d 641). But see the effect of *Southeast Ceramics v. Klem,* 246 Ga. 294, 295 (1) (271 SE2d 199), upon *Walter E. Heller & Co. v. Color-Set, Inc.,* 152 Ga. App. 347, supra, *Allstate Ins. Co. v. Renshaw,* 151 Ga. App. 80, 83 (4) (258 SE2d 744), *Marietta Yamaha v. Thomas,* 237 Ga. 840, 842 (2) (229 SE2d 753), and other similar cases. When there is a direct appeal of a grant of partial or complete summary judgment, in the interest of "judicial economy," other rulings in the case may be reviewed. However, plaintiff has not appealed directly from the granting of summary judgment against it but has sought to set aside the summary judgment at which time the case was still pending as to the counterclaim, and the appeal (dated December 10, 1982, filed December 15, 1982) is from the order of *November 29, 1982,* denying its motion to set aside the summary judgment. In this connection, see *Anthony v. Anthony,* 236 Ga. 508 (224 SE2d 349), and *Gillen v. Bostick,* 234 Ga. 308, 310-311 (1) (215 SE2d 676).

Error is enumerated in that the trial court abused its discretion in refusing to set aside the summary judgment and also in granting the motion for summary judgment. The notice of appeal was filed on December 15, 1982. At that point in time the counterclaim was still pending although a motion to dismiss it had been filed on December 13, 1982. The counterclaim was thereafter dismissed on January 6, 1983, resulting in a final judgment in the case *after* the appeal in the case sub judice. Clearly the final judgment was in no wise contemplated at the time of the appeal. While the plaintiff could have appealed directly the order granting summary judgment as to the main action it failed to do so within 30 days. Thereafter, it could only appeal that order after final judgment. See *Ramseur v. American*

*Mgt. Assn.,* 155 Ga. App. 340 (1) (270 SE2d 880); *Culwell v. Lomas & Nettleton Co.,* 242 Ga. 242, supra.

2. OCGA § 9-11-60 (formerly Code Ann. § 81A-160 (d) (Ga. L. 1966, pp. 609, 622; 1967, pp. 226, 239; 1974, p. 1138)) provides that a motion to set aside must be predicated upon some nonamendable defect which does appear on the face of the record or pleadings, unless the defect involves a jurisdictional error. Plaintiff's motion to set aside the summary judgment is supported by the affidavit of its attorney who states that he never received the affidavit filed by the defendant in support of his motion for summary judgment. Plaintiff's attorney's affidavit states that he personally received defendant's motion for summary judgment which had no attachment or attachments thereto and that he received no affidavit in support of the defendant's motion for summary judgment, resulting in his failure to file an affidavit in opposition because he was not aware that there was any affidavit filed by defendant in support of his motion for summary judgment. The record of the case sub judice contains a certificate of service by defendant indicating that he has served upon plaintiff's attorney a true and correct copy of his motion for summary judgment and affidavit by mailing same to him in a properly addressed envelope with adequate first class postage affixed. The issue presented by the allegations of plaintiff's motion could be addressed only by going beyond the face of the record to consider the evidence. A matter which is developed by the evidence rather than appearing upon the face of the record or pleadings does not fall within the orbit of a motion to set aside. In this regard see *Prudential Timber &c. Co. v. Collins,* 155 Ga. App. 492 (1) (271 SE2d 43); *Wiley v. Wiley,* 233 Ga. 824, 826 (2) (213 SE2d 682); *Gough v. Gough,* 238 Ga. 695, 697 (4) (235 SE2d 9).

However, at that point in time (November 29, 1982) the denial of the motion was not a final appealable judgment since the counterclaim was still pending. As there was no final judgment in the case sub judice within the meaning of OCGA § 5-6-34 (a) (1) (formerly Code Ann. § 6-701 (a) (1) (Ga. L. 1965, p. 18; 1968, pp. 1072, 1073; 1975, pp. 757, 758; 1979, pp. 619, 620)) and no application for interlocutory appeal pursuant to OCGA § 5-6-34 (b) (Code Ann. § 6-701 (a) (2)), supra, the appeal was premature. *Trump v. Scott Exterminating Co.,* 135 Ga. App. 473 (218 SE2d 149). True, a final judgment was entered thereafter with the dismissal of the counter-claim on January 6, 1983. However, the filing of the plaintiff's motion to set aside the summary judgment was ineffective as an extender of time for filing notice of appeal. See in this connection *Atlantic-Canadian Corp. v. Hammer, Siler, George Assoc.,* 167 Ga. App. 257 (306 SE2d 22).

At the time of the appeal there was no appealable judgment, and the appeal must be dismissed as this court has no jurisdiction to review same, notwithstanding a final judgment has since been entered in the case on January 6, 1983. However, no appeal was filed thereafter. We are only aware of this by the status of the record when the case reached this court.

*Appeal dismissed. Shulman, C. J., and Birdsong, J., concur.*

DECIDED SEPTEMBER 9, 1983.

*Hoke Smith III, Joseph J. Gigliotti, T. Gordon Lamb,* for appellant.

*Michael N. Mantegna,* pro se.