## 66867. MAGILL v. HOFFMAN.

CARLEY, Judge.

Appellant-plaintiff brought suit against appellee-defendant to recover for property damage to an automobile. At the outset of the trial, appellee stipulated his liability and that accord and satisfaction would be his sole defense. The trial proceeded under this stipulation and, at the appropriate times, appellant moved for a directed verdict as to appellee's accord and satisfaction defense. The motions were denied and the case was submitted to a jury. A verdict for appellee was returned. After appellant's motion for judgment n.o.v. was denied, he filed the instant appeal.

The denials of appellant's motions for directed verdict and judgment n.o.v. as to the defense of accord and satisfaction are enumerated as error.

Both appellee and appellant rely upon a legal principle stated in *Pa. Thresherman &c. Ins. Co. v. Hill,* 113 Ga. App. 283, 293 (148 SE2d 83) (1966): "An accord and satisfaction is itself a contract and requires a meeting of the minds in order to render it valid and binding. [Cits.]" Appellee asserts, however, that, unlike the factual situation in *Hill,* there was sufficient evidence of a meeting of minds in the instant case to authorize the submission of the issue of accord and satisfaction to the jury. Appellant, on the other hand, contends that, as was the case in *Hill,* the evidence with regard to the defense was insufficient to raise a jury question.

The relevant facts of the instant case are remarkably similar to those in *Hill.* Here, as there, the purported accord and satisfaction consists of a payment made by the defendant's father as a result of property damage caused by his son's negligence. Here, as there, no written release was given in consideration of the payment. As in *Hill,* the amount of the payment made to appellant by appellee's father was derived by calculating the sum which "would cover items which the [appellant's] insurance did not cover, or which would not be paid by the insurance company." *Pa. Threshermen &c. Ins. Co. v. Hill,* supra at 293. According to appellee's father, upon whose testimony the entire accord and satisfaction defense was premised, the $300 that he paid appellant "represent[ed] the deductible that [appellant] had on his automobile policy for a collision covering the accident . . ."

The additional evidence which appellee contends takes the instant case outside of the holding in *Hill* — that as a matter of law, no accord and satisfaction was shown — is the following: Appellant, in addition to being the recipient of payment in the amount of the deductible on his insurance, is also an attorney. One of appellant's clients is his own insurance carrier. According to appellee's father,

appellant stated in connection with the receipt of the $300 "that he could make sure that there would be no further action on the claim as far as [his insurer] was concerned . . ." Also according to appellee's father, there was an "agreement that the insurance company would not pursue the claim; [the insurer] would pay the collision loss to [appellant], and the [insurer] would not pursue it any further." Appellee asserts that this "additional agreement" demonstrates a meeting of the minds that his father's payment of $300 to appellant would constitute "full compensation" and was thus an accord and satisfaction of the entire claim for property damage.

Any enforceable agreement that appellant's *insurance carrier* would not pursue a claim would have to have been made by an agent for the carrier with the authority to make such an agreement. Other than being an insured, the only relationship shown to exist between appellant and his carrier was that of attorney-client. Even assuming arguendo that, merely by virtue of this relationship, appellant had the capacity and authority to make a binding settlement as against his insurer, any agreement reached in the instant case would be no more than the *insurer's* covenant not to sue. See *Cash v. Street & Trail, Inc.,* 136 Ga. App. 462, 464 (221 SE2d 640) (1975). Again assuming without deciding that appellee, rather than his father, would be entitled to claim the benefit of the insurer's covenant not to sue, it is clear that such an agreement would not evidence a full settlement of all personal property damage claims that appellant, *in his personal and individual capacity,* might have against appellee. The covenant would only be a defense against the subsequently asserted claims of the party who gave it. Even if appellant's agency was shown in the instant case, the party who gave the covenant upon which appellee relies would be the insurance carrier. "A covenant not to sue . . . merely bars *the holder of the cause of action* from asserting it against the party or parties with whom he has covenanted. [Cit.]" (Emphasis supplied.) *Brantley Co. v. Briscoe,* 246 Ga. 310, 312 (271 SE2d 356) (1980).

Accordingly, the very most that might be said about the instant case is that appellee received a covenant from appellant's insurer not to bring suit against him on its potential subrogation claim. Although appellant's own claim and the subrogation claim of his insurer " 'practically speaking constitute subparts of the same cause of action,' " they are separate claims. *Dover Place Apts. v. A & M Plumbing &c. Co.,* 167 Ga. App. 732 (307 SE2d 530) (1983). There is no dispute that appellant, not his insurer, is the real party in interest in the instant case and that the claim he asserts is his own and not his insurer's. See *United States Fire Ins. Co. v. Farris,* 146 Ga. App. 177 (245 SE2d 868) (1978); *Allstate Ins. Co. v. Renshaw,* 151 Ga. App. 80, 82 (3)

(258 SE2d 744 (1979). With regard to appellant personally, the evidence is clear and uncontradicted that the $300 that appellee's father offered and that appellant accepted was not in full settlement or satisfaction of the property damage but was only to cover the amount of the deductible on appellant's policy.

If any enforceable "settlement" was shown in the case, it was between appellee and appellant's insurer. The instant suit would not be in violation of that agreement. The trial court erred in failing to grant appellant's motions for directed verdict and for judgment n.o.v. as to the defense of accord and satisfaction. *Pa. Threshermen &c. Ins. Co. v. Hill,* supra.

As noted above, appellee's liability was stipulated at the outset and appellee's only defense was accord and satisfaction. Therefore, upon remand, the only issue remaining to be resolved will be the amount of the damages for which appellant is entitled to recover.

*Judgment reversed and case remanded. Deen, P. J., and Banke, J., concur.*

DECIDED JANUARY 6, 1984.

*Alan C. Harvey,* for appellant.
*Frank J. Shannon III,* for appellee.