A90A0229. CLEVELAND et al. v. FULTON COUNTY et al.
(396 SE2d 2)

COOPER, Judge.

Appellants, the mother and administrator of the estate of Ronnie Cleveland, a patient at Georgia Mental Health Institute ("GMHI"), brought this action against appellees alleging negligence under state law and violations of 42 USC § 1983. At an early stage in the case, partial summary judgment was granted to the appellee county on the state law claims and the federal claims were reserved. Over three years later, the trial court granted summary judgment to all appellees on the federal claims, denied summary judgment as to the state law claims against the individual appellees, and denied appellants' motion to reconsider the earlier grant of partial summary judgment. Appellants then filed a notice of appeal from the latter order of the trial court.

Ronnie Cleveland, a diagnosed alcohol dependent, experienced seizures while he was a patient at GMHI. GMHI personnel called the emergency "911" number. Although GMHI is located in DeKalb County, the call was received by the Fulton County 911 Communica-

tions Center (the "Fulton Center"). The policy of the Fulton Center was to immediately transfer incoming calls from another county to the appropriate emergency center. The dispatcher receiving the call from GMHI was uncertain as to the location of GMHI and rather than immediately transferring the call, affirmatively responded to the request for emergency assistance, hung up, and then conferred with his supervisor. The supervisor advised him that the call may have been from a mental patient and that if it were a real emergency they would call back. The second call was transferred to DeKalb County and an ambulance was then dispatched, but not in time to save the life of Ronnie Cleveland.

1. Appellant first enumerates that the trial court erred in granting summary judgment to all appellees on the 42 USC § 1983 claims. We disagree. To recover under 42 USC § 1983, appellants must establish the threshold element — "that they suffered a deprivation of 'rights, privileges or immunities secured by the Constitution and laws' of the United States. . . . [Cit.]" *Wideman v. Shallowford Community Hosp.*, 826 F2d 1030, 1032 (11th Cir. 1987). Appellants assert that, under the instant circumstances, the Fourteenth Amendment of the Constitution imposed a duty on the county to provide adequate emergency care services. The *Wideman* case clearly establishes that "there exists no . . . general [constitutional] right to the provision of medical care and services by the state. . . ." *Wideman*, supra at 1034. Further, that "special relationship" which would impose a duty to provide such services upon the state does not exist under these circumstances. Such a "special relationship" arises "from the limitation which [the state] has imposed on [the person's] freedom to act on his own behalf." *DeShaney v. Winnebago County Dept. of Social Svcs.*, 489 U. S. __ (109 SC 998, 103 LE2d 249, 262) (1989). "The key concept is the exercise of coercion, dominion, or restraint by the state." *Wideman*, supra at 1035-1036. Ronnie Cleveland was not under the dominion or control of Fulton County, and any other alternative emergency care service could have been freely chosen to help him. Mr. Cleveland's condition was not caused by, and cannot be attributed to, any actions of the county and did not occur while Mr. Cleveland was in county custody or under county control. Under these circumstances, the county had no constitutional duty to provide emergency medical care and services to Ronnie Cleveland. Nor does appellants' argument that a duty on the county arose because it undertook to provide some medical care, have merit. "Because the Constitution does not require municipalities to provide any emergency medical services at all, it would be anomalous indeed to hold them liable for providing limited services which happen to be less extensive than a particular citizen may desire." *Wideman*, supra at 1036.

It may well be that state law duties are implicated in this case,

however, the "Due Process Clause of the Fourteenth Amendment . . . does not transform every tort committed by a state actor into a constitutional violation. [Cit.]" *DeShaney*, supra, 103 LE2d at 263. Because appellants have failed to establish the threshold element necessary to their 42 USC § 1983 claim, it is not necessary for us to reach the other elements of their claim.

2. Appellants' second enumeration that the trial court erred in granting partial summary judgment to the county on the state law claims is also asserted without success. The order granting partial summary judgment was filed on February 27, 1986. No appeal of that order was taken. The motion for reconsideration which was filed on April 10, 1989, was denied on May 10, 1989, and the May 10 order was appealed. No direct appeal was filed within 30 days of the order granting partial summary judgment. See OCGA § 9-11-56 (h). Instead, an appeal " 'was filed subsequent to the denial of a motion for reconsideration of this order several [years] later. It has repeatedly been held that, unlike a motion for new trial, motion in arrest of judgment, or motion for judgment notwithstanding the verdict, a motion for reconsideration does not extend the time for filing a notice of appeal. . . . Thus we lack jurisdiction to entertain the appeal.' [Cits.]" *Alvin Lee Co. v. Garmon Elec. Contractors*, 190 Ga. App. 159 (378 SE2d 384) (1989).

*Judgment affirmed. Banke, P. J., and Birdsong, J., concur.*

## ON MOTION FOR REHEARING.

On motion for rehearing, appellants cite the case of *Culwell v. Lomas & Nettleton Co.*, 242 Ga. 242 (248 SE2d 641) (1978) for the proposition that a party against whom summary judgment is granted may appeal that decision either after the grant of summary judgment or after a final judgment has been rendered in the case. Appellants argue that *Lomas* and its progeny require this court to consider on this appeal the earlier grant of partial summary judgment to Fulton County on the state law claims. While *Lomas* contains a correct statement of the law, it is inapposite in this instance. The order appealed from in the instant case is not a final judgment. Since the individual appellees' motion for summary judgment on the state law claims was denied, this issue remained to be resolved and the order did not constitute a final ruling on all the merits of the action. See *Vurgess v. State*, 187 Ga. App. 700 (1) (371 SE2d 191) (1988). That aspect of the case remained pending in the trial court. OCGA § 5-6-34 (a) (1). "Where there is a case involving multiple parties or multiple claims, a decision adjudicating fewer than all the claims or the rights and liabilities of less than all the parties is not a final judgment. [Cit.] In such circumstances, there must be an express determination under

OCGA § 9-11-54 (b) or there must be compliance with the requirements of OCGA § 5-6-34 (b)." *Spivey v. Rogers*, 167 Ga. App. 729 (307 SE2d 677) (1983). Neither of these requirements was complied with herein. The instant appeal is predicated on OCGA § 9-11-56 (h), which allows a direct appeal from a grant of summary judgment, and appeals the trial court's grant of summary judgment to all appellees on the federal claims. "In [*Olympic Dev. Group, Inc. v. American Druggists' Ins. Co.*, 175 Ga. App. 425 (1) (333 SE2d 622) (1985)], this court held that where the appellants had failed to bring a timely appeal from a grant of partial summary judgment, they could not obtain appellate review of that ruling in an appeal from a subsequent grant of partial summary judgment, where the latter order did not constitute a final judgment in the case." *Hutchison v. Nat. Services Indus.*, 191 Ga. App. 885, 886 (1) (383 SE2d 212) (1989). See *Gulf Oil Co. v. Mantegna*, 167 Ga. App. 844 (1) (307 SE2d 732) (1983). Since, as we stated in our opinion, a motion for reconsideration does not extend the time for filing a notice of appeal, appellants' second enumeration is without merit.

Appellants' argument premised on *Wideman v. Shallowford Community Hosp.*, 826 F2d 1030 (11th Cir. 1987) has been discussed in our main opinion and appellants present nothing new to review on motion for rehearing.

*Motion for rehearing is denied.*

Decided June 8, 1990 —
Rehearing denied July 2, 1990 — Cert. applied for.

*Ford & Haley, James L. Ford, Johnson & Vandiver, C. Donald Johnson, Jr.*, for appellants.

*Susan B. Forsling*, for appellees.

