CENTER *et al. v.* ARP, mayor, *et al.*

No. 15025. NOVEMBER 22, 1944.

*Pat Haralson* and *Joseph G. Collins,* for plaintiffs. *Thomas H. Crawford, John S. Wood,* and *A. J. Henderson,* for defendants.

JENKINS, Presiding Justice. While, under the uniform practice act of 1887 (Code, § 37-901), the joining against the same defendants of legal and equitable rights and remedies which are connected with or dependent upon each other does not render the petition subject to the objection of duplicity or multifariousness (*Hawkins* v. *Georgia & Alabama Railway,* 108 *Ga.* 784, 33 S. E. 682; *Grimmett* v. *Barnwell,* 184 *Ga.* 461, 463, 192 S. E. 191, 116 A. L. R. 257), still a legal petition in quo warranto against named defendants as the incumbent mayor and councilmen is subject to

the objection, made by demurrer, of multifariousness and of a misjoinder of actions, where the petition not only seeks to oust the defendants from the offices of mayor and councilmen, as having been chosen at an illegal election and therefore illegally installed, but is also brought against the defendants, or their "officers and agents," in the capacity of a police court; and where the equitable remedy of injunction is sought to prevent such defendants and their officers or agents, acting in their capacity as a police court, from trying the plaintiffs who had been arrested under an ordinance alleged to be void because passed by the said illegal mayor and council, and also because the ordinance is in itself unreasonable and confiscatory in character and therefore unconstitutional. "A petition wherein separate and distinct causes of action against different defendants are set forth is demurrable on the ground of multifariousness and misjoinder of parties." *Van Dyke* v. *Van Dyke,* 120 *Ga.* 984, 988 (48 S. E. 380), and numerous cases there cited. In the instant case, the petition sought to join two separate and distinct causes of action, as well as to proceed against the defendants in two separate and independent capacities (*Arnett* v. *Board of Commissioners,* 75 *Ga.* 782 (2), 785; *Hamilton* v. *Speck,* 166 *Ga.* 667, 668, 144 S. E. 204), or, stating the case most strongly against the pleader where the allegations are in the disjunctive, against officers and agents of the defendants. *Doyal* v. *Russell,* 183 *Ga.* 518 (3, 4) (189 S. E. 32). The issue in a quo warranto proceeding is the title of the incumbents to the office from which they are sought to be ousted. Code, § 64-201. *Sweat* v. *Barnhill,* 170 *Ga.* 545, 549 (153 S. E. 364); *McCarthy* v. *McKinney,* 137 *Ga.* 292, 297 (73 S. E. 394). And while the legal effect of such a judgment in such a proceeding against the incumbent would be to prevent and to nullify any attempted official act on the incumbent's part effected after the judgment, if adverse to defendants, has been rendered, such a proceeding does not affect the previous official acts of the incumbent, and bears no relation thereto. *Wilson* v. *Harris,* 170 *Ga.* 800 (8) (154 S. E. 388); Bors *v.* Davis, 6 N. J. Misc. 793 (142 Atl. 760). Nor is the question whether the ordinance is in itself arbitrary and unreasonable in any wise related to the wholly different and independent question as to who is entitled to the office which the incumbents hold.

Since, upon the question of multifariousness and misjoinder of causes of action raised by the demurrer, the defendant failed to amend so as to elect as to which cause of action he would pursue, and as to which defendants he would proceed against (*Armstrong* v. *Southern Railway Co.,* 29 *Ga. App.* 418, 116 S. E. 31), the court did not err in sustaining the demurrer of the defendants on this ground; and this being true, the other questions raised by the petition and demurrer cannot properly be adjudicated.

*Judgment affirmed. All the Justices concur.*