21547. SMITH *et al.* v. UPSHAW *et al.*

HEAD, Presiding Justice. 1. Where the bylaws of an electric membership corporation require that its board of directors be named from different counties, the office of director in one county is not the same office as that of director in another county. Each is a separate office and they can not properly be joined as respondents in one quo warranto proceeding. *Sweat v. Barnhill,* 171 Ga. 294 (11) (155 SE 18); *Center v. Arp,* 198 Ga. 574 (32 SE2d 308).

2. Except as the Constitution may otherwise authorize, all civil cases shall be tried in the county of the defendant's residence. Constitution, Art. VI, Sec. XIV, Par. VI (*Code Ann.* § 2-4906). While jurisdiction of the person may be

waived by appearance and pleading to the merits, parties can not by consent give jurisdiction of the subject matter where the court has none. *Kantzipper v. Kantzipper,* 179 Ga. 850 (177 SE 679); *Mathis v. Rowland,* 208 Ga. 571 (67 SE2d 760); *Sweatman v. Roberts,* 213 Ga. 112 (97 SE2d 320). The superior court in Rockdale County had no jurisdiction of the office of "director" created and existing in a county other than Rockdale. The trial judge properly sustained the motion to dismiss as to such respondents.

3. When the bylaws of a corporation provide the manner of calling special meetings of the stockholders and there is no provision for a stockholder (who is not an officer of the corporation) to act as agent in calling such special meeting, his acts in calling a meeting can not be ratified. "If he cannot act as agent by appointment, he cannot be made an agent by ratification." *Harrison v. McHenry,* 9 Ga. 164, 170 (2) (52 AD 435); *Ozborn v. Woolworth,* 106 Ga. 459, 460 (32 SE 581). Ratification by the stockholders (other than the respondents), if otherwise valid, could not operate adversely on the rights of the respondents. " 'The doctrine of ratification is not applicable against a person as to an act of one who did not assume to act in his name or under authority from him.' *Swicord v. Waxelbaum,* 23 Ga. App. 297 (97 SE 891)." *Greene v. Golucke,* 202 Ga. 494 (2) (43 SE2d 497), and citations. The respondent's demurrer attacking the validity of the purported ratification of the acts of R. V. (Bull) Treadwell in calling the special meeting of the stockholders was properly sustained.

*Judgment affirmed. All the Justices concur.*

ARGUED FEBRUARY 12, 1962—DECIDED MARCH 8, 1962.

*James R. Venable, Mark Dunahoo,* for plaintiffs in error.
*Lee Evans, E. Lewis Hansen, Jr., Roy Lambert,* contra.

James L. Smith, a resident of Rockdale County, and seven other persons from named counties, each claiming the office of "Director" of "The Walton Electric Membership Corporation," instituted a quo warranto proceeding in the Superior Court of Rockdale County to oust J. F. Chandler, a resident of Rockdale County, and seven other named persons from other named counties, from the office as "Director" of the corporation. It is

alleged that: "The relators herein named from each county was elected to replace the respondent as a director from his respective county."

The bylaws of the corporation attached to the information provide (in Art. 3, Sec. 2) for the election of one director from Rockdale County and for the election of other directors from other named counties. The bylaws further provide (in Art. 2, Sec. 1) that the annual meeting of the stockholders shall be held on the second Tuesday in March of each year "for the purpose of electing directors . . . and transacting such other business as may come before the meeting." Section 2 of Article 2 of the bylaws provides that: "Special meetings of the members may be called by at least three (3) directors or upon a written request signed by at least ten per centum (10%) of all the members and it shall thereupon be the duty of the secretary to cause notice of such meeting to be given. . ."

By amendment to the information it was alleged that "Mr. R. V. (Bull) Treadwell [a stockholder in the corporation] did issue the call for said special meeting" of the stockholders alleged to have been held on September 2, 1961. The amendment further alleged: "That since the meeting of said stockholders held on the 2nd day of September, 1961, more than ten (10) per cent of the stockholders of said Corporation have ratified the action of Mr. Treadwell in issuing the call for said special meeting, and they have ratified the action of the stockholders at said meeting in removing the respondents named in this petition as the Directors of said Corporation and the election of the relators named in this petition to replace the respondents as Directors of said Corporation. Copies of said ratifications are hereto attached, signed by nine hundred fifty-four (954) qualified members or stockholders, marked Exhibits 1 through 46, and made a part hereof."

When the cause came on for a hearing before the Judge of the Superior Court of Rockdale County two of the relators from Gwinnett County were stricken as parties on their motion, without objection. An oral motion to dismiss for want of jurisdiction was sustained as to all the respondents except J. F. Chandler, the resident respondent. The relators except to this

order, and to the subsequent order of the court sustaining the general demurrer of the respondent Chandler.