## 56764. MAYO v. THE STATE.

WEBB, Judge.

Mayo was convicted of burglary on October 5, 1977, and on the next day filed a notice of appeal stating that "No motion for new trial has or will be filed." No motion for new trial was ever filed. On April 6, 1978, the trial transcript was filed with the clerk of the superior court. On May 5, Mayo's attorney filed an "Amendment to the Motion for New Trial," a hearing was conducted the same day, and an order was entered denying a new trial on the merits of the motion. At no time has a motion to extend the time for filing the transcript as required by Code Ann. §§ 6-804 and 6-806 been made.

On May 8, Mayo filed a motion with the clerk of this court withdrawing his notice of appeal filed October 6, 1977, and on June 5, 1978, filed a second notice of appeal. The state's motion to dismiss this appeal was heard by the trial court and denied on August 2, and the record and

transcript were docketed in this court on August 10.

We grant the state's motion to dismiss the appeal. " ' "The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon the appellate court." *Jordan v. Caldwell,* 229 Ga. 343, 344 (191 SE2d 530) (1972). Code Ann. § 6-803 provides in part: "A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of . . ., but when a motion for new trial . . . or a motion for judgment notwithstanding the verdict *has been filed,* the notice shall be filed within 30 days after the entry of the order granting, overruling, or otherwise finally disposing of the motion." (Emphasis supplied.) Motions for new trial and for judgment n.o.v. are required to be filed within 30 days after entry of the judgment on the verdict, or entry of the judgment where the case was tried without a jury (Code § 70-301 (as amended, Ga. L. 1973, pp. 159, 167); Code Ann. § 81A-150 (b) (Ga. L. 1966, pp. 609, 656; 1967, pp. 226, 237, 246, 248)), and "no extension of time shall be granted for the filing of motions for new trial or for judgment notwithstanding the verdict." Code Ann. § 6-804 (Ga. L. 1965, pp. 18, 21). Consistently, then the words "has been filed" in § 6-803, supra, pertaining to a delaying motion, must mean filed within 30 days after entry of the judgment. To allow untimely filed motions, and thereby toll or delay the time for filing a notice of appeal, would violate the above quoted provisions of Code Ann. § 6-804, prohibiting extensions of time for filing such motions, as well as ignore the further mandate of § 6-804, that requires within 30 days either the filing of a notice of appeal or the obtaining of an extension of time therefor. In this case, the appellant failed either to file a notice of appeal or obtain an extension of time within the 30-day period. This makes the appeal subject to dismissal. *Model Cleaners & Laundry v. Per Corp.,* 127 Ga. App. 559 (194 SE2d 258) (1972).' *Venable v. Block,* 141 Ga. App. 523, 524 (233 SE2d 878)." *Smith v. Forrester,* 145 Ga. App. 281, 282 (243 SE2d 575) (1978); see also *Eades v. Keinonen,* 145 Ga. App. 271 (243 SE2d 574) (1978); *Joiner v. State,* 223 Ga. 367 (155 SE2d 8) (1967).

*Appeal dismissed. Quillian, P. J., and McMurray, J., concur.*

ARGUED OCTOBER 17, 1978 — DECIDED NOVEMBER 2, 1978 —
REHEARING DENIED NOVEMBER 22, 1978 — 

*G. Hughel Harrison, Steven K. Myers,* for appellant.
*M. Randall Peek, District Attorney, Alton G. Hartley, Assistant District Attorney,* for appellee.