### 56760, 56761. INSURANCE COMPANY OF NORTH AMERICA v. FOWLER et al.; and vice versa.

QUILLIAN, Presiding Judge.

The instant appeals arise out of a declaratory judgment action with regard to fire insurance coverage.

Howell T. Gilmer owned a residence which was insured by the Insurance Company of North America (INA). On October 21, 1976, the residence was damaged by fire. INA paid Gilmer $28,505.50 pursuant to its homeowner's policy with Gilmer. Gilmer entered into a written contract with Jim A. Fowler to repair and rebuild the damaged residence. The contract between Fowler and Gilmer provided that "final payment of this agreement

will be due and payable to the contractor upon completion." The contract between Gilmer and Fowler provided that the owner (Gilmer) would carry fire, tornado, and other necessary insurance. On January 5, 1977 a second fire occurred which totally destroyed the residence. At the time of the second fire the work being performed by Fowler was 95% completed. In the interim between the first and second fires, that is December 1976, INA reissued a homeowner's policy to the defendant Gilmer covering his interest in the residence.

The defendant Fowler obtained a policy of insurance with Home Insurance Company covering his interest as a builder. Following the second fire Fowler filed a claim for his loss and was paid the sum of $26,222.04 by Home Insurance Company. Home Insurance Company, Fowler, and Gilmer entered into a loan receipt agreement. Pursuant thereto Fowler and Gilmer agreed to repay the loan in the event of a recovery against INA or any other insurance company in regard to the property that was destroyed.

The actual cash value of the portion of residential property which survived the October 21, 1976 fire was stipulated to be $8,000 while the total cash value at the time of the fire, January 5, 1977, was stipulated to be $34,220.04.

INA filed the action for declaratory judgment and named Gilmer, Fowler, and Home Insurance Company as defendants. The defendants answered and filed counterclaims and cross actions. The defendants answered and filed a motion for summary judgment against INA. The defendants Fowler and Home Insurance Company filed a motion for summary judgment against the defendant Gilmer. After discovery and the filing of various affidavits, stipulations of fact, and other documents the cause came on for hearing. The trial judge, in his order rendered on the motions, found: that the defendant Gilmer had an insurable interest in all of the residence on January 5, 1977; that Gilmer's dwelling was insured with INA which provided coverage for "the actual cash value of the property at the time of the loss"; that Gilmer was entitled to judgment against INA for $34,222.04 or the face amount of the insurance in

existence on January 5, 1977, whichever sum is less. The judge further found in his order that Fowler was fully indemnified for his actual pecuniary loss suffered in the January 5, 1977 fire by the payment from Home Insurance Company and therefore had no further claim against the defendant Gilmer or the Insurance Company of North America. He accordingly granted summary judgment for the defendant Gilmer and denied the motion for summary judgment by the defendants Fowler and Home Insurance Company as against Gilmer.

1. No question was raised with regard to the propriety of INA's action for declaratory judgment and our ruling on the issues of this case, therefore in no way expresses either approval or disapproval of the method utilized to raise these issues.

2. The "collateral source rule" obtains in this jurisdiction. *Cincinnati, N. O. &c. R. Co. v. Hilley,* 121 Ga. App. 196, 201 (173 SE2d 242). Under this rule "A tortfeasor can not diminish the amount of his liability by pleading payments made to the plaintiff under the terms of a contract between the plaintiff and a third party who was not a joint tortfeasor." Accord, *Peoples Bank of LaGrange v. Ga. Bank &c. Co.,* 126 Ga. App. 768, 771 (191 SE2d 876); *State Farm Mut. Auto. Ins. Co. v. Bd. of Regents of the University System of Ga.,* 226 Ga. 310, 311 (174 SE2d 920). While this case does not involve a tortfeasor the reasoning of the collateral source doctrine is applicable here. Barring statutory or policy provisions which prohibit such recovery, an insured is entitled to recover for the loss he sustained under an insurance policy even though he might obtain sums from another source.

This case is controlled by our decision in *American Ins. Co. v. Bateman,* 125 Ga. App. 189, 192 (186 SE2d 547) wherein, under a very similar factual situation, it was held: "(b) There is no rule of law that where various interests and various insurance policies are involved the total payable under all the policies must necessarily be equivalent to the market value of the property. An insurable interest means any actual, lawful and substantial economic interest in the safety or preservation of the subject. The measure of that interest is the extent to which the insured might be damnified by the

loss, Code Ann. § 56-2405. Thus, an owner may insure his interest in the property under construction, and a contractor may indemnify himself against loss during the same period of time, and both policies will be payable, in the event of a fire, to the extent of the loss of each insured under his separate policy. Lititz Mutual Ins. Co. v. Lengacher, 248 F2d 850."

Here the insured suffered a fire loss and was reimbursed for it. When repairs were 95% completed the home burned again. The "actual cash value of the property at the time of the loss" included the improvements placed on the home at that time even though the insured had not paid for them. It is specious to argue that the only loss the insured suffered was the $8,000 value of his home after the first fire. Here INA insured Gilmer's residence for either twenty-nine or thirty-nine thousand dollars (there are two policies showing different amounts in this case) and it collected a full premium for that amount. Under such circumstances, the insurer cannot contend that it was insuring his house for only $8,000.

3. Fowler and Home Insurance Company appealed from that portion of the judgment denying their motion for summary judgment. They had previously filed an application for interlocutory review of that portion of the order which application was denied by this court. Under the Appellate Practice Act as construed by the Supreme Court, cross appeals or appeals from non-final judgments are allowed where there is a final judgment. The grant of a motion for summary judgment is appealable but such grant constitutes a final judgment only if it disposes of the entire case and the cause is no longer pending in the court below. *Stallings v. Chance,* 239 Ga. 567 (238 SE2d 327). See *Culwell v. Lomas & Nettleton Co.,* 242 Ga. 242. In those circumstances in which the grant is partial or involves less than all of the parties, as is here, the grant itself is appealable but interlocutory rulings are not appealable absent following the procedure outlined in Code Ann. § 6-701 (a) 2 (Ga. L. 1965, p. 18; as amended through Ga. L. 1975, pp. 757, 758). *Heller v. Magaro,* 144 Ga. App. 829, 832 (1) (242 SE2d 722); *Randall v. Cruce,* 145 Ga. App. 861 (2) (245 SE2d 28); *Barlow v. Yenkosky,*

146 Ga. App. 872 (1) (247 SE2d 519).

Based upon the above authority we do not consider the issues raised by the cross appeal. Nevertheless, it should be observed that, in denying the motion, the trial judge's gratuitous finding that Fowler "had no further claim" against Gilmer or INA, was dictum and had no binding effect on further proceedings in the trial court or this court.

*Judgment affirmed in 56760. Appeal dismissed in 56761. Webb and McMurray, JJ., concur.*

ARGUED OCTOBER 17, 1978 — DECIDED DECEMBER 1, 1978 — REHEARING DENIED DECEMBER 19, 1978 in CASE No. 56760

*Smith, Cohen, Ringel, Kohler & Martin, Williston C. White,* for appellant.

*Freeman & Hawkins, Howell Hollis, III, Joe C. Freeman, Jr., Loggins, Murray & Lovell, Hulon Murray,* for appellees.