### 63724. FERGUSON v. UNITED INSURANCE COMPANY OF AMERICA.

SOGNIER, Judge.

Vorise Ferguson sued United Insurance Company of America (United) as named beneficiary of an insurance policy issued by United on the life of her deceased husband. Ferguson's complaint contained three counts, two of which are not in issue. Count Three of the complaint alleged violations of the Georgia Fair Business Practices Act (Code Ann. § 106-1201 et seq.). The trial court granted the insurance company's motion to dismiss Count Three after consideration of the pleadings, depositions and arguments of counsel. Ferguson appeals.

1. While no motion to dismiss the appeal has been filed, we think it important to note that the trial court's order as to Count Three is a final and appealable order. Since the trial court considered matters outside the complaint on appellee's motion to dismiss, the motion should have been treated as a motion for summary judgment as to Count Three and disposed of as provided for in Code Ann. § 81A-156. *Hoffman v. PMC Development Co.,* 238 Ga. 258 (232 SE2d 541) (1977). Under the provisions of Code Ann. § 81A-156 (h) the

grant of summary judgment on one count of a three-count petition is directly appealable, though the remaining counts are still pending in the trial court. *Levy v. G. E. C. Corp.,* 117 Ga. App. 673 (1) (161 SE2d 339) (1968).

2. Appellant contends that the trial court erred in dismissing Count Three of her complaint. We affirm.

Code Ann. § 106-1206 provides: "Nothing in this Chapter [Fair Business Practices Act of 1975] shall apply to: (a) . . . transactions specifically authorized under laws administered by or rules and regulations promulgated by any regulatory agency of this State or the United States . . ." Insurance transactions in Georgia are specifically authorized and regulated by Title 56, the Georgia Insurance Code.

The Insurance Code has created the Insurance Department of the State of Georgia and the office of Insurance Commissioner, Code Ann. § 56-201. The Insurance Commissioner has full power and authority to make rules and regulations to effectuate the provisions of the Insurance Code, Code Ann. § 56-216; no insurer shall transact insurance except as authorized by certificate of authority from the insurance commissioner, Code Ann. § 56-302. Thus, insurance transactions are among those types of transactions which are exempt from the Fair Business Practices Act. This is especially true since the Insurance Code regulates unfair trade practices within the insurance industry, see Code Ann. Chapter 56-7, and specifically defines the activity alleged in Ferguson's petition as an unfair or deceptive act or practice. Code Ann. § 56-704 (9).

Summary judgment in favor of appellee on Count Three of appellant's complaint was correctly granted.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED JULY 14, 1982 —
REHEARING DENIED JULY 29, 1982 —

*Joseph H. King, Jr.,* for appellant.
*Patrick J. McKenna,* for appellee.