## 65691. NEWTON et al. v. K. B. PROPERTY MANAGEMENT OF GEORGIA, INC. et al.

BIRDSONG, Judge.

This appeal, as does its companion (Case No. 65720), involves a complicated set of complaints, counter-claims, third-party complaints and cross-actions, and a multitude of parties in two related lawsuits. The appeal enumerates as error the grant of summary judgment to two defendants, Barton & Ludwig and Fickling & Walker.

The record shows that summary judgments were granted in the case sub judice to Barton & Ludwig and Fickling & Walker in Fulton Civil Action No. 67346 on July 2, 1982. Summary judgment was granted in the companion case to Kosco, Inc., in Fulton Civil Action No. 71539 on August 6, 1982. The appellants in the companion case filed notice of appeal following the August 6 summary judgment to Kosco, Inc., on September 7, 1982, the Tuesday after Labor Day. But appellants in the instant case did not file notice of appeal of the July 2 summary judgments to Barton & Ludwig and Fickling & Walker in

Case No. 67346 until September 15, 1982, by filing an "Amended Notice of Appeal," thereby seeking to incorporate in the September 7 notice of appeal a notice of appeal to the July 2 judgment. The parties in both appeals have attempted to consolidate the record in the two cases and have sought to have them dealt with as a single appeal "as the issues are virtually identical."

In their brief, appellants Newton and Kaplan state: "By agreement of the parties, there is no issue concerning timeliness of the appeal." The appellees Barton & Ludwig and Fickling & Walker apparently agree, since they proceed to argue the correctness of the summary judgment grant in thirty-five pages of brief, covering very complicated issues.

This court has no jurisdiction to entertain an appeal filed more than 30 days after the entry of the judgment appealed from, where no proper extension of time for filing has been granted. OCGA §§ 5-6-38, 5-6-39 (Code Ann. §§ 6-803, 6-804). Jurisdiction of this court is conferred by the Constitution of this state and by statute. *Jordan v. Caldwell,* 229 Ga. 343, 344 (191 SE2d 530); *Mayo v. State,* 148 Ga. App. 213, 214 (251 SE2d 80). Our jurisdiction is given by law and cannot be conferred by consent or waiver of the parties. *Smith v. Upshaw,* 217 Ga. 703, 704 (124 SE2d 751); *Griffin v. Nix,* 33 Ga. App. 136 (125 SE 732). The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction of this court. *Mayo v. State,* supra. Whether the parties raise the question — or agree that none exists — it is our duty to inquire into our jurisdiction. *Baggett Transp. Co. v. Barnes,* 108 Ga. App. 68 (132 SE2d 229). We have done so. Notice of appeal of the grants of summary judgment to Barton & Ludwig and Fickling & Walker was not filed until 75 days after entry of the summary judgment below. Accordingly, this appeal is dismissed.

*Appeal dismissed. Shulman, C. J., and McMurray, P. J. concur.*

DECIDED MAY 13, 1983 —
REHEARING DENIED JUNE 16, 1983.

*Andrew R. Kirschner,* for appellants.
*John C. Porter, Jr., Harmon W. Caldwell, Jr.,* for appellees.

ON MOTION FOR REHEARING.

On motion to have this appeal reinstated, appellants Newton and Kaplan assert in essence that the July 2, 1982 summary judgment in this case was appealable 75 days later because the trial court omitted to issue an order of appealability (OCGA § 9-11-54 (b) (Code

Ann. § 81A-154); *Cleveland v. Watkins,* 159 Ga. App. 885 (285 SE2d 546)). Appellants contend that until the trial court had done so, the appellants could not or did not have to appeal the summary judgment. But it is well established that the trial court did not have to issue a certificate of appealability in this case. Where a summary judgment is *granted* in a case as to one or more but fewer than all the claims or parties, the losing party may without certification directly appeal within 30 days of the judgment (OCGA § 9-11-56 (h) (Code Ann. § 81A-156); *Ins. Co. of North America v. Fowler,* 148 Ga. App. 509, 512 (251 SE2d 594); *Anderson v. Automatic Sprinkler Corp.,* 147 Ga. App. 236, 237 (248 SE2d 507)); or he may appeal after rendition of final judgment in the case ( *Culwell v. Lomas &c. Co.,* 242 Ga. 242 (248 SE2d 641)).

Appellants do not contend, and the record does not any where show, that they had no notice of the July 2 summary judgment (see, e. g., *Cambron v. Canal Ins. Co.,* 246 Ga. 147 (269 SE2d 426)). Instead, they contend they should be allowed to appeal the July 2 judgment 45 days late because they had no notice of the writ of fieri facias which was issued upon it. Upon issuance of the fi. fa. on August 12, the trial court stated there was "no reason for further delay in ordering a writ of Fieri Facias." But without an express direction for entry of the *judgment* as final, it was not final and lacked res judicata effect (*Culwell*, supra); and the execution of the fi. fa. upon it would be at the appellees' peril so long as the appellants could appeal the judgment at the end of the proceedings. *Culwell,* supra. A fi. fa. is not an order of final judgment tolling the time for appeal in any case. See OCGA §§ 9-11-54 (b), 5-6-34 (b) (Code Ann. §§ 81A-154, 6-701). Moreover, as regards a grant of summary judgment, the later issuance of a fi. fa., with or without notice, cannot possibly act as a "quasi" certificate of finality so as to extend the time for appeal.

Moreover, on motion for rehearing, the parties continue to insist that our jurisdiction can be conferred by consent or waiver of the parties. This cannot be done.

*Motion for rehearing denied.*