sistant *District Attorney,* for appellee.

## 73576. SIKES v. THE STATE.
(351 SE2d 732)

DEEN, Presiding Judge.

Appellant Sikes was convicted of first-degree vehicular homicide and sentenced to seven years' imprisonment, to be followed by four years' probation. Judgment was entered April 16, 1986, and on the same day Sikes moved for new trial on the general grounds. The motion was denied July 23, and on August 26 he filed in the Gwinnett County Superior Court a notice of appeal from the judgment.

OCGA § 5-6-38 (a) provides in pertinent part: "[W]hen a motion for new trial . . . has been filed, the notice [of appeal] shall be filed within 30 days . . . of the order granting, overruling, or otherwise finally disposing of the motion." *Phelps v. State,* 158 Ga. App. 219 (279 SE2d 513) (1981). The requirements are jurisdictional. *Long v. Long,* 247 Ga. 624 (278 SE2d 370) (1981); *Thompkins v. State,* 157 Ga. App. 203 (276 SE2d 885) (1981). When the notice of appeal is not filed within the statutory period and no extension of time has been obtained, the appellate court must dismiss the appeal. *Mayo v. State,* 148 Ga. App. 213 (251 SE2d 80) (1978). The party desiring to appeal has the burden of filing a timely notice of appeal, *Moncrief v. Tara Apts.,* 162 Ga. App. 695 (293 SE2d 352) (1982), and this requirement is satisfied only by actually depositing the notice of appeal with the Clerk of the Superior Court — not merely by placing it in the mail within the prescribed thirty days. Id.[1]

As indicated by our recital of the facts of the instant case, supra, appellant did not comply with the statutory requirements for timely filing of the notice of appeal. Although the certificate of service appended to the notice of appeal bears the date August 22, 1986, the actual date of filing with the Clerk, as attested by that official's stamp, is August 26. The record contains no motion for extension of time or other authorization of an extension beyond thirty days. Therefore, pursuant to the authority cited supra, we must dismiss this appeal for want of jurisdiction.

*Appeal dismissed. Benham and Beasley, JJ., concur.*

---

[1] A different time frame is in effect in the Court of Appeals, where (except for motions for rehearing) documents filed by registered or certified mail are deemed filed on the date of the official postmark. Court of Appeals Rule 4.

DECIDED DECEMBER 5, 1986.

G. *Hughel Harrison*, for appellant.

*Thomas C. Lawler III*, District Attorney, *Phyllis Miller*, Assistant District Attorney, for appellee.