# Court of Appeals
# of the State of Georgia

ATLANTA,   November 02, 2016

*The Court of Appeals hereby passes the following order:*

**A17I0059.  ROBERT L. LAFONTAINE et al. v. MARK S. ALEXANDER et al.**

Robert L. LaFontaine and Diane F. LaFontaine, plaintiffs in this action, have filed an application for interlocutory review of the trial court's order denying their motion to vacate a previous order, and granting in part the defendants' second motion for summary judgment.  The defendants filed a first motion for summary judgment in 2010, which the trial court granted in part on May 11, 2011.  The defendants filed a second motion for summary judgment in June 2016.  Subsequently, the LaFontaines filed a motion to vacate the trial court's May 11, 2011 order.  On September 21, 2016, the trial court issued an order denying the LaFontaines' motion to vacate, and granting in part the defendants' second motion for summary judgment.  In their application for interlocutory review of that order, the LaFontaines state that they have filed a direct appeal of the order as well.

As recognized by the LaFontaines, the grant of summary judgment on any issue or as to any party is reviewable by direct appeal.  See OCGA § 9-11-56 (h); *Olympic Dev. Group v. American Druggists' Ins. Co.*, 175 Ga. App. 425 (1) (333 SE2d 622) (1985).  Thus, the order that the LaFontaines seek to appeal is directly appealable and is not subject to the interlocutory appeal requirements.  In addition, all rulings within that order and any other non-final rulings entered in the case may be challenged as part of such a direct appeal.  See OCGA § 5-6-34 (d); *Southeast Ceramics v. Klem*, 246 Ga. 294, 295 (1) (271 SE2d 199) (1980).

Ordinarily, when a party files a timely application for interlocutory review of an order that is subject to direct appeal, we will grant the application.  See *Spivey v. Hembree*, 268 Ga. App. 485, 486, n.1 (602 SE2d 246) (2004).  Here, however, the

LaFontaines state in their application that they have filed a notice of appeal of the trial court's order. Accordingly, this application is superfluous and is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
        *Clerk's Office, Atlanta,*_____11/02/2016_____
        *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____, *Clerk.*