# Court of Appeals
# of the State of Georgia

ATLANTA,  March 05, 2018

*The Court of Appeals hereby passes the following order:*

## A17A1671. CLAY WOERNER et al. v. EMORY CHILDREN'S CENTER, INC. et al.

Clay and Deborah Woerner seek to appeal the trial court's dismissal of their complaint for declaratory relief seeking to prevent the production of their son's medical records in a contribution action between Emory Children's Center, Inc. and Emory Healthcare, Inc. and the landowners of the property where the Woerners' son was severely injured, resulting in his death. We, however, lack jurisdiction.

Following the trial court's ruling, the Woerners filed an application for interlocutory appeal with the Georgia Supreme Court. Finding it did not have jurisdiction, the Supreme Court transferred the application to this Court. The Woerners' counsel admitted she received notification of the transfer. On November 4, 2016, we subsequently granted the application and emailed an order to file a notice of appeal within 10 days to the Woerners' counsel's email address on file in this Court's eFast system. The Woerners failed to file a notice of appeal within ten days. On December 15, 2016, the Woerners then filed a motion to vacate and reinstate this Court's order to allow them to file a timely notice of appeal. The Woerners' counsel explained that she did not get this Court's order because she had not updated her email information with this Court since it had changed in 2015.[1] On January 20, 2017, we conditionally granted the motion and instructed the parties to brief the

---

[1] The landowner appellees consented to the motion to vacate and reinstate, while the Emory appellees did not. However, "[o]ur jurisdiction is given by law and cannot be conferred by consent or waiver of the parties." *Newton v. K.B. Property Management, Inc.*, 166 Ga. App. 901, 902 (306 SE2d 5) (1983).

jurisdictional and procedural issues relating thereto.

OCGA § 5-6-34 (b) imposes an obligation on an applicant to file a timely notice of appeal upon the grant of an application for interlocutory appeal in order to obtain review of the issues presented.[2] The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon this Court, and the burden is upon the party taking an appeal to file a timely notice of appeal. *Moncrief v. Tara Apts., Ltd.*, 162 Ga. App. 695, 695 (293 SE2d 352) (1982); see also Court of Appeals Rule 30 (k) ("If the interlocutory application is granted, the appellant must file a notice of appeal in the trial court within 10 days of the date of the order granting the application.").

As stated under the instructions of this Court's eFast website, as of January 1, 2015, "all Georgia attorneys must be registered in the COA EFAST system," and the Woerners' counsel was so registered. As part of that registration, counsel was informed by these website instructions that it was her "responsibility to keep [her] email [address] up to date in [her] profile on the COA [eFast] system so that [she] will

---

[2] OCGA § 5-6-34 (b) provides, in pertinent part:

Where the trial judge in rendering an order, decision, or judgment, not otherwise subject to direct appeal . . . certifies within ten days of entry thereof that the order, decision, or judgment is of such importance to the case that immediate review should be had, the Supreme Court or the Court of Appeals may thereupon, in their respective discretions, permit an appeal to be taken from the order, decision, or judgment if application is made thereto within ten days after such certificate is granted. The application shall be in the nature of a petition and shall set forth the need for such an appeal and the issue or issues involved therein. . . . The Supreme Court or the Court of Appeals shall issue an order granting or denying such an appeal within 45 days of the date on which the application was filed. Within ten days after an order is issued granting the appeal, the applicant, to secure a review of the issues, may file a notice of appeal as provided in Code Section 5-6-37. The notice of appeal shall act as a supersedeas as provided in Code Section 5-6-46 and the procedure thereafter shall be the same as in an appeal from a final judgment.

receive [her] mail from the system." The Woerners' counsel was also informed by these instructions that under the eFast system all notices from this Court come by email. The Woerners' counsel conceded in her motion to vacate and reinstate that she was "aware that she has an obligation to update her information with this Court" and the "motion was not intended to excuse counsel's omission." There is no obligation on this Court to update information in an attorney's profile; the obligation rests solely with counsel.

The Woerners' counsel's argument based on former Court of Appeals Rule 9 is without merit.[3] She appears to claim that under the prior rule, there was no requirement for her to update her profile in this Court because her address did not change "during the pendency" of the application, but rather changed prior to filing the application. Even if that rule was applicable to counsel's situation, counsel's argument is contradicted by her own admission. The Woerners' counsel, as an efiler, admitted that she was aware of her obligation to keep her profile current with the correct email in order to receive notices from this Court. The fact that the case was transferred to this Court rather than originally filed here does not excuse counsel's failure to update her email address when she admitted she was aware of the transfer.

---

[3] The version of Court of Appeals Rule 9 (e), Change of Address or Telephone Number, in effect at the time the Woerners' application was transferred to this Court provided, in pertinent part:

> If during the pendency of any appeal or application counsel for either party has a change of address or telephone number, counsel shall file a notification of change of address or telephone number with the Court, notifying the Court of counsel's correct address and telephone number, and the effective date of such change.

The current version of Rule 9 (e) reemphasizes this Court's clear policy that it is incumbent on counsel to inform this Court of any changes with regard to contact information by providing that "[a]ny change of address, telephone number, or email address must be made by the attorney in the Court's eFast system. Attorneys are personally responsible for ensuring that their eFast profile information is up to date. The Court will not make changes."

Thus, through no fault of this Court,[4] the Woerners failed to meet the absolute requirement of OCGA § 5-6-34 (b) as to the filing of a timely notice of appeal.  See *Grice v. Reilly*, Case No. A17A2042 (decided July 27, 2017) (email notification of the grant of the applicant's discretionary application was sent to an old e-mail in this Court's eFast system, resulting in failure to file a notice of appeal with in ten days; the respondent moved to dismiss the appeal on jurisdictional grounds; the applicant requested that this Court vacate and reinstate the order; this Court dismissed the appeal), *Harris v. Harris*, Case No. A17D0282 (decided March 14, 2017) (the applicant, who failed to file timely notice of appeal after his discretionary application was granted, motioned this Court to vacate and reinstate our order, asserting he did not receive notice due to prison mailroom error, which was denied).

While we understand the importance of the issues the Woerners seek to have considered on appeal and sympathize with counsel's inadvertent mistake, this Court has "no authority to create equitable exceptions to jurisdictional requirements imposed by statute." *Gable v. State*, 290 Ga. 81, 85 (2) (b) (720 SE2d 170) (2011) (punctuation omitted). Under these circumstances, the Woerners' failure to file a timely notice of appeal within ten days of the November 4, 2016 order granting their

---

[4] This Court has previously vacated and reinstated an order granting an interlocutory application in a case where the applicant did not receive notice of the order due to the fault of this Court and through no fault of the party.  *Western Elec. Co. v. Capes*, 164 Ga. App. 353, 354 (1) (296 SE2d 381) (1982) ("[T]o abort an appeal to which the applicant is entitled when such applicant is entirely without fault in the premises would be to deny such litigant a right guaranteed by the Constitution of this state and would be a denial of due process.").  There is no evidence that this failure was this Court's fault and none of the parties have made such an argument. Further, out of an abundance of caution, we have conducted a thorough examination of this Court's eFast system to determine if there was any fault on the part of this Court in the Woerners' failure to receive the emailed order, and we have found none.

application for interlocutory appeal deprives us of jurisdiction over this appeal. Accordingly, this appeal is DISMISSED.



*Court of Appeals of the State of Georgia*
      *Clerk's Office, Atlanta,   03/05/2018           *
      *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
      *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*