# Court of Appeals
# of the State of Georgia

ATLANTA,  April 15, 2021

*The Court of Appeals hereby passes the following order:*

## A21I0170. JAMES T. CURRY v. ALLSTATE PROPERTY & CASUALTY INS. CO.

Following a car accident, James T. Curry sued the tortfeasor; he also sought to recover from Allstate Property & Casualty Insurance Company, which provided him uninsured motorist benefits in the amount of $30,000. A jury awarded Curry $85,579.02 plus court costs. Thereafter, Curry filed suit against Allstate under OCGA § 33-7-11 (j), which penalizes an insurer for bad faith refusal to pay a demand. The statute provides that "the insurer shall be liable to the insured in addition to any recovery under this Code section for not more than 25 percent of the recovery and all reasonable attorney's fees for the prosecution of the case under this Code section." OCGA § 33-7-11 (j).

Allstate moved for partial summary judgment, arguing that Curry was limited to recovering 25 percent of the $30,000 policy limits rather than 25 percent of the verdict. Allstate also argued that OCGA § 33-7-11 (j) did not authorize the recovery of attorney fees from the underlying tort claim, but rather authorized the recovery of only those fees incurred in the case brought under OCGA § 33-7-11. The trial court agreed and granted partial summary judgment. Curry then filed this application for interlocutory appeal.

Under OCGA § 9-11-56 (h), the grant of partial summary judgment on any issue or as to any party is reviewable by direct appeal. *Olympic Dev. Group v. American Druggists' Ins. Co.*, 175 Ga. App. 425, 425 (1) (333 SE2d 622) (1985). Thus, the order that Curry seeks to appeal is directly appealable and not subject to the interlocutory appeal requirements. "This Court will grant a timely application for

interlocutory review if the order complained of is subject to direct appeal and the applicants have not otherwise filed a notice of appeal." *Spivey v. Hembree*, 268 Ga. App. 485, 486 n. 1 (602 SE2d 246) (2004).

Accordingly, this application for interlocutory review is hereby GRANTED. Curry shall have ten days from the date of this order to file a notice of appeal in the trial court if he has not already done so. See OCGA § 5-6-34 (b). The clerk of the trial court is DIRECTED to include a copy of this order in the record transmitted to the Court of Appeals.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,   04/15/2021*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*