# Court of Appeals
# of the State of Georgia

ATLANTA,  July 07, 2021

*The Court of Appeals hereby passes the following order:*

## A21A1565. BETHEA CRABTREE v. CRANFORD HOMES, INC.

Cranford Homes, Inc., filed a complaint to compel Bethea Crabtree to arbitrate a contract dispute. On April 30, 2020, the trial court entered an order confirming the arbitration award, and Crabtree appealed that ruling. We dismissed the appeal because the trial court had not entered judgment. See Case No. A20A2112 (decided November 3, 2020). Thereafter, Cranford Homes requested a writ of fieri facias, which the trial court issued on November 12, 2020. On March 23, 2021, Crabtree filed a notice of appeal from both the writ and the April 30 order. We lack jurisdiction.

As we noted in the prior appeal, no judgment has been entered in this case. See *McFarland v. Roberts*, 335 Ga. App. 40, 47 (1), n. 4 (778 SE2d 349) (2015) ("An order simply confirming an arbitration award is not a final, appealable judgment[.]"). Although the trial court entered a writ of fieri facias, such a writ "is not an order of final judgment[.]" *Newton v. K.B. Prop. Mgmt. of Georgia*, 166 Ga. App. 901, 903 (306 SE2d 5) (1983). Accordingly, this appeal is flawed for the same reason as Crabtree's prior appeal – no final judgment has been entered.

Assuming that we could, under the unique circumstances of this case, consider the writ of fieri facias as the equivalent of a judgment, we still lack jurisdiction. A notice of appeal must be filed within 30 days after the entry of the trial court's order. OCGA § 5-6-38 (a). The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon this Court. *Couch v. United Paperworkers Intl. Union*, 224 Ga. App. 721, 721 (482 SE2d 704) (1997). Accordingly, Crabtree's

notice of appeal, which was filed 131 days after entry of the writ of fieri facias, is untimely.[1]

For these reasons, we lack jurisdiction over this direct appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,___07/07/2021_____*
    *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*

---

[1] Crabtree states that she was served with a copy of the writ of fieri facias on March 12, 2021. If the trial court frustrated her ability to seek appellate review by failing to notify her of its order in a timely manner, her remedy is to petition the trial court to vacate and re-enter the order under OCGA § 9-11-60 (g). See *Cambron v. Canal Ins. Co.*, 246 Ga. 147, 148-149 (1) (269 SE2d 426) (1980), disapproved in part by *Wright v. Young*, 297 Ga. 683, 684, n. 3 (777 SE2d 475) (2015).