# Court of Appeals
# of the State of Georgia

ATLANTA,  March 31, 2022

*The Court of Appeals hereby passes the following order:*

**A22I0151. CITY OF WOODSTOCK, GA v. BRANDON HUNT, et al.**

The survivors and administrators of the estates of three decedents, Riley Hunt, Kaitlin Hunt, and Kathleen Deming (the "Plaintiffs"),[1] sued the City of Woodstock, Georgia (the "City"), asserting claims of negligence, negligence per se, and nuisance. The Plaintiffs and the City filed competing motions for summary judgment. In a single order, the trial court denied the City's motion for summary judgment but granted partial summary judgment to the Plaintiffs on the issue of whether the City owed the decedents a duty of care. The City filed this timely application for interlocutory review, seeking interlocutory review of the denial of its motion for summary judgment and the grant of partial summary judgment to the Plaintiffs.

Under OCGA § 9-11-56 (h), the grant of partial summary judgment on any issue or as to any party is reviewable by direct appeal. *Olympic Dev. Group v. American Druggists' Ins. Co.*, 175 Ga. App. 425, 425 (1) (333 SE2d 622) (1985). Thus, the order that the City seeks to appeal is directly appealable and not subject to the interlocutory appeal requirements. Moreover, all rulings within that order and any other non-final rulings entered in the case may also be raised as part of such a direct appeal. See OCGA § 5-6-34 (d); *Southeast Ceramics v. Klem*, 246 Ga. 294, 295 (1) (271 SE2d 199) (1980). "This Court will grant a timely application for interlocutory

---

[1] Formally, the Plaintiffs are named as Brandon Hunt, As Surviving Father of Riley Hunt, Deceased, and Administrator of the Estate of Riley Hunt, Brandon Hunt, As Surviving Husband of Kaitlin Hunt, Deceased, and Administrator of the Estate of Kaitlin Hunt, and Michael Deming, As Surviving Husband of Kathleen Deming, Deceased, and Administrator of the Estate of Kathleen Deming.

review if the order complained of is subject to direct appeal and the applicants have not otherwise filed a notice of appeal." *Spivey v. Hembree*, 268 Ga. App. 485, 486 n. 1 (602 SE2d 246) (2004).

Accordingly, this application for interlocutory appeal is hereby GRANTED. The City shall have ten days from the date of this order to file a notice of appeal in the trial court if it has not already done so. See OCGA § 5-6-34 (b). The clerk of the trial court is DIRECTED to include a copy of this order in the record transmitted to the Court of Appeals.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,*__03/31/2022_____

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*